WILLIAMS, Senior Circuit Judge, concurring in part and concurring in the judgment: Because it “has not suffered the type of harm that § 208 of the E-Government Act seeks to prevent,” Maj. Op. at 378, EPIC has failed to allege a legally cognizable injury-in-fact. So I agree that EPIC lacks standing. But given that EPIC claims only organizational standing and “identifies no organizational harm unrelated to its alleged informational injury,” id., I see no need for any separate discussion of “organizational injury.” Id. at 378-80. Nor, indeed, do I see any need for a separate discussion of EPIC’s alternative reformulation of its merits claim as an objection to defendants’ effort to collect data without previously filing a Privacy Impact Statement (“PIA”), id. at 379-80. [[Image here]] As an organization, EPIC has in principle two potential paths to establish standing: “associational,” on behalf of its members, and “organizational,” on behalf of itself. Before us, it doesn’t renew the associational standing claim made in district court. That leaves only organizational standing. For those purposes, of course, it must establish an injury that qualifies under Article III, along with the requisite causation and redressability. See, e.g., PETA v. U.S. Department of Agriculture, 797 F.3d 1087, 1106 (D.C. Cir. 2015) (Millett, J., dubitante). To establish organizational standing, EPIC asserts only a single injury: that the defendants’ omissions have caused it to go without information—the contents of a PIA—that it could use to educate the public. Where an organization’s only asserted injury is an informational one, we have not engaged in a separate analysis of informational and organizational injury. See, e.g., Friends of Animals v. Jewell, 828 F.3d 989, 992 (D.C. Cir. 2016) (addressing organization’s claim of informational injury as such). If an organization’s only claimed injury is informational, additional discussion of the same facts under the “organizational” rubric will not clarify the court’s reasoning. In cases where the plaintiff claims organizational injuries of various types (including informational ones), we have analyzed the informational injury as such and the other alleged injuries as organizational. See, e.g., Am. Soc. for Prevention of Cruelty to Animals v. Feld Entm’t, Inc., 659 F.3d 13, 22 (D.C. Cir. 2011) (rejecting organization’s claim of informational standing, id. at 22-24, and its claims that Feld’s use of chains and bullhooks afforded organizational standing by fostering, plaintiffs argued, “a public impression that these practices are harmless,” id. at 24-28). My guess—only a guess—is that the practice arose because organizations found informational injury a comparatively easy way to show standing. But organizational standing is merely the label assigned to the capacity in which the organization contends it has been harmed; it is not a separate type of injury. In its capacity as an organization, EPIC has alleged one harm, packaged as two theories (perhaps in the hope that such packaging will increase the odds of success). There is no need for us to accept that packaging; doing so is a step away ft’om, not towards, legal clarity.